```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

MARILYN CLEMMONS,              *

     Plaintiff,                *

vs.                            *
                                          CASE NO. 4:15-CV-54 (CDL)
COLUMBUS CONSOLIDATED          *
GOVERNMENT,
                               *
     Defendant.
                               *
```

O R D E R

Marilyn Clemmons is employed as a firefighter by Columbus Consolidated Government ("CCG"). After being indicted for criminal racketeering, CCG placed her on administrative leave without pay. When the criminal charges were eventually dismissed two years later, she returned to active duty, but CCG refused to compensate her for the pay she lost while she was on administrative leave. Clemmons contends that her white male colleagues, who have been charged with criminal violations more serious than hers, have been allowed to work pending resolution of the charges or have received backpay. She maintains that CCG's failure to compensate her for her lost pay is discriminatory; and she also claims that CCG retaliated against her when she complained of discrimination. She brings the present action against CCG for race and gender discrimination

and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

CCG responds that Clemmons never exhausted her administrative remedies under CCG's Fair Treatment Policy and that Clemmons's supervisors, including Chief Jeff Meyer, were not final decisionmakers for CCG.  Therefore, CCG maintains that it cannot be liable to Clemmons for the decisions of her supervisors, including Chief Meyer, on her § 1981 claim brought pursuant to § 1983.  CCG seeks judgment on the pleadings as to that claim.  The Court finds that a genuine factual dispute exists as to whether CCG prevented Clemmons from obtaining meaningful administrative review of her grievances. Accordingly, CCG is not entitled to judgment on the pleadings, and its motion (ECF No. 4) is denied.

## MOTION TO AMEND COMPLAINT

In her response to CCG's motion for judgment on the pleadings, Clemmons describes additional facts in support of her contention that she was not provided with meaningful administrative review of her grievances.  These facts were not included in her complaint.  Generally, a party may not amend her pleadings in a brief responding to a motion for judgment on the pleadings.  But a party certainly may seek leave to amend her complaint.  *See* Fed. R. Civ. P. 15(a).  Clemmons has done so

2

here.  *See* Pl.'s Resp. in Opp'n to Def.'s Mot. for Partial J. on the Pleadings 11, ECF No. 7.  The Court grants Clemmons leave to amend her complaint to add the allegations that she included in her brief in opposition to CCG's motion for judgment on the pleadings.  The next question is whether the Court should defer ruling on the motion for judgment on the pleadings until after the amended complaint has been filed and served.  The Court finds that judicial economy counsels against such an approach.  Instead, the Court finds it appropriate to decide CCG's motion for judgment on the pleadings taking into consideration the additional facts that Clemmons seeks to allege in her amended complaint.

## JUDGMENT ON THE PLEADINGS STANDARD

Judgment on the pleadings "is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts."  *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).  "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint."  *Id.*  The Court "must accept all facts in the complaint as true and 'view them in the light most favorable to the' plaintiff[]."  *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001) (quoting

*Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).

FACTUAL BACKGROUND

Accepting the allegations in Clemmons's proposed amended complaint as true and viewing all facts in the light most favorable to Clemmons, the relevant facts in the record reveal the following.

Marilyn Clemmons is a black woman. She has worked as a firefighter at the Columbus Fire and Emergency Medical Services Department ("Department") for over twenty-five years. Clemmons alleges that she has endured ongoing discrimination based on her race and gender over the course of her tenure at the Department. The discrimination came to a head in March of 2012 when Clemmons was indicted on racketeering charges. Clemmons's supervisors immediately put her on administrative leave without pay pending resolution of her criminal charges. Clemmons contends that this decision was discriminatory, as white male firefighters facing more severe criminal charges have continued working pending resolution of their charges. Compl. ¶ 25.

While Clemmons was on administrative leave, she was allegedly told by a human resources employee that she would receive backpay for her time on administrative leave if her criminal charges were dismissed. *Id.* ¶ 21. In March of 2014, two years after Clemmons was indicted, the charges against her

4

were dismissed.  She returned to work shortly thereafter, but the Department refused to give her backpay.  Clemmons contends that this also was discriminatory because her white male colleagues that faced criminal charges were awarded backpay "if a favorable disposition was reached in their matter." *Id.* ¶ 25.

In April of 2014, Clemmons filed a formal grievance complaining of unfair treatment regarding the administrative leave and backpay.  *Id.* ¶ 24.  CCG has a Fair Treatment Policy that provides a process for aggrieved employees to appeal allegedly discriminatory or unfair employment actions.[1]  Mot. for J. on the Pleadings, Ex. 1 Fair Treatment Policy, ECF No. 4-2. Clemmons contends that she followed this Policy by filing a formal complaint with Deputy Mike Higgins challenging the Department's decision to put her on administrative leave without pay and to deny her backpay.  Higgins denied her complaint, and Clemmons then appealed to Chief Jeff Meyer.  Meyer concluded that the Department did not treat Clemmons unfairly and that she was not entitled to backpay.  The Policy provides that employees who are still unsatisfied "should ask for an appointment with the Human Resources Director" within ten days of the last denial.  *Id.* at 3.  Clemmons alleges that she attempted to make

---

[1] CCG asks the Court to take judicial notice of the Fair Treatment Policy.  The Court takes judicial notice of the Policy as a publicly available record.  *See* Fed. R. Evid. 201(b); *see also Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (explaining that district courts may take judicial notice of public records without converting a Rule 12(b)(6) motion to a Rule 56 motion).

5

an appointment with human resources director Reather Hollowell by calling Hollowell multiple times and leaving several messages. But Hollowell did not respond. Clemmons alleges that Hollowell's failure to respond prevented her from further appealing Chief Meyer's decision.

After Clemmons complained to her superiors about discriminatory treatment, Clemmons contends that her supervisor, Bobby Dutton, repeatedly reassigned her to new stations because he did not want Clemmons in his battalion. Compl. ¶ 26-28. Clemmons then began experiencing medical complications that were allegedly caused by the discrimination at work. In August of 2014, Clemmons's physician ordered her to take time off work. The physician released Clemmons from medical leave a few weeks later, and wrote a letter to Clemmons's supervisors stating that she was fit to return to her regular duties.

Despite the physician's letter, human resources officials refused to allow Clemmons to return to work unless she returned on "light duty" and reported to yet another new location. *Id.* ¶ 33. Clemmons reported to the new location on September 15, 2014. But when she arrived, she was told that she could not work until she exhausted all of her vacation and sick leave. *Id.* ¶ 35. Clemmons was then sent home for nearly three months. Since returning to work on December 6, 2014, she "continues to

be harassed and discriminated against based on her gender and race." *Id.* ¶ 39.

## DISCUSSION

The only issue presented by CCG's motion is whether it is entitled to judgment as a matter of law on Clemmons's § 1981 racial discrimination and retaliation claims. Clemmons's § 1981 claims are brought pursuant to 42 U.S.C. § 1983. "A local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.'" *Turquitt v. Jefferson Cty.*, 137 F.3d 1285, 1287 (11th Cir. 1998) (en banc) (alteration in original) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986)). It has long been settled that a municipality cannot be held liable for the actions of its officers under the theory of respondeat superior. *See Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). Generally, municipal liability can only be imposed if the municipality's policy or custom was a moving force in causing the discriminatory treatment. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1307 & 1312 (11th Cir. 2001). Discriminatory conduct by a final decisionmaker for the municipality, however, can subject the municipality to liability. *Grech v. Clayton Cty.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc). Whether an officer is the final

7

decisionmaker for the municipality depends in part on whether that officer's decision was subject to meaningful administrative review. *See Scala v. City of Winter Park*, 116 F.3d 1396, 1401 (11th Cir. 1997) ("Final policymaking authority over a particular subject area does not vest in an official whose decisions in the area are subject to meaningful administrative review.").

CCG contends that the pleadings establish that Chief Meyer was not the final decisionmaker regarding any of Clemmons's grievances that form the basis of her § 1981 claim because Clemmons's grievances were subject to meaningful administrative review by the city manager and personnel review board. If such review was in fact available, CCG is correct that it cannot be liable pursuant to §§ 1981 and 1983 for Chief Meyer's decision. In support of its argument, CCG points to its Fair Treatment Policy, which affords employees with the opportunity to appeal their grievances to the city manager and the personnel review board. The Court has previously found that CCG's Fair Treatment Policy, as written, purports to provide meaningful administrative review. *See Riley v. Columbus Consol. Gov't,* No. 4:12-CV-38 (CDL), 2013 WL 3227733, at *7 (M.D. Ga. June 25, 2013). And it is undisputed that Clemmons did not appeal Chief Meyer's decision to the city manager or the personnel review board. But unlike the plaintiff in *Riley,* who absolutely failed

8

to exercise his right to review under the CCG policy, Clemmons alleges that she attempted to obtain review but was deprived of her right to do so.

The Policy requires employees to appeal unfavorable employment decisions in the following order: (1) supervisor, (2) department director, (3) human resources director, then (4) city manager and personnel review board.  Mot. for J. on the Pleadings, Ex. 1 Fair Treatment Policy 3.  Clemmons followed this process by filing a complaint with Deputy Higgins and then appealing to Chief Meyer.  The Policy provides that an employee who is still unsatisfied "should ask for an appointment with the human resources director" within ten days of the department director's denial.  *Id.*  Clemmons alleges that she made multiple attempts to meet with human resources director Hollowell by leaving messages and voicemails.  She contends that Hollowell did not respond in the ten-day period for appeals, which effectively prevented her from appealing further to the city manager or personnel review board.

Based on the present record with all inferences construed favorably toward Clemmons, the Court finds that a genuine factual dispute exists as to whether meaningful administrative review of Chief Meyer's decision was available to Clemmons and thus whether Chief Meyer did in fact act as the final decisionmaker for CCG when he denied Clemmons's request for

9

backpay and found that she was not treated unfairly. The Policy arguably makes a meeting with the human resources director a prerequisite for obtaining further review of a supervisor's decision. *Id.* ("[T]he Human Resources Director will meet with you to resolve the complaint . . . . [I]f you are still not satisfied with the answer of the Human Resources Director, you may request a review by the City Manager."). Clemmons alleges that she was not able to satisfy this condition precedent to administrative review because the human resources director refused to schedule the meeting required under the CCG policy. If the CCG human resources director did in fact prevent such a meeting, which would deter an employee from seeking further review, then the CCG Policy under such circumstances does not provide *meaningful* administrative review. Since a factual dispute exists on whether meaningful administrative review was available under the facts alleged here, the Court cannot find as a matter of law that Chief Meyer was not the final decisionmaker for CCG regarding Clemmons's request for backpay. Accordingly, CCG's motion for judgment on the pleadings as to Clemmons's §§ 1981 and 1983 claims is denied.

## CONCLUSION

For the reasons discussed above, CCG's motion for judgment on the pleadings as to Clemmons's §§ 1981 and 1983 claims (ECF No. 4) is denied. Clemmons's motion for leave to amend her

10

complaint is granted, and she shall electronically file her amended complaint within seven days of today's Order.  Also, the Clerk is directed to issue a Rules 16/26 order.

    IT IS SO ORDERED, this 29th day of September, 2015.

                                    S/Clay D. Land
                                    CLAY D. LAND
                                    CHIEF U.S. DISTRICT COURT JUDGE
                                    MIDDLE DISTRICT OF GEORGIA